NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

ALAMO EXPRESS, INC. and Alamo
. Cartage Company, Respondents
(two cases).

Nos. 17954, 21456.

United States Court of Appeals
Fifth Circuit.

June 10, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Frank H. Itkin, Atty., N. L. R. B., Washington, D. C., for petitioner.

Allen P. Schoolfield, Jr., Dallas, Tex., for respondents.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

THORNBERRY, Circuit Judge.

On June 22, 1959 and again on June 10, 1964, this Court entered judgments enforcing orders wherein the National Labor Relations Board enjoined Alamo Express and Alamo Cartage from discriminating against union membership and from interfering in any way with employees' organizational rights under Section 7 of the National Labor Relations Act (29 U.S.C. § 151 et seq.). On May 16, 1966, the Board filed a petition for adjudication in civil contempt, alleging violations of the 1959 and 1964 decrees. A special master was appointed to hear evidence and make findings as to whether the Company acted in contempt of this Court's decrees during a 1965 union drive. After exhaustive hearings, findings by the special master, the filing of exceptions to these findings, and the filing of full briefs by the parties, the case comes to us.

■■ Alamo is an express company in Texas, having terminals in Galveston, Houston, San Antonio, Laredo, Harlingen, Brownsville, Corpus Christi, and Sinton. The master found that Donald Aldrete, terminal manager in Laredo, committed serious violations of Fifth Circuit decrees and that Alamo should be held in contempt insofar as his actions were concerned. Because of Aldrete's discriminatory conduct, the master recommended reinstatement with backpay for employee Santiago Ancira. On the other hand, he dismissed most of the charges filed by the Board as having no merit. Before the master, the Board was required to establish civil contempt by clear and convincing evidence. NLRB v. Standard Trouser Co., 4th Cir. 1947, 162 F.2d 1012. The master's findings of fact are binding on this Court unless clearly erroneous. Fed.R.Civ.P., Rule 53 (e) (2).

■■ We agree with the master that there was clear and convincing evidence of flagrant labor violations by Donald Aldrete. The record strongly suggests that just before the 1965 Teamsters election he hired Santiago Ancira and some other temporary employees in order to build antiunion voting strength. He told these men they would be able to keep their temporary jobs longer if the union lost. After the union won and Ancira had given testimony against Aldrete in a Labor Board proceeding, the former was discharged. The alleged reason for discharge was that he drove a truck without company authorization and had a wreck. The master was unable to believe this was the sole reason for Ancira's being fired because there was testimony that a man would not ordinarily be fired for that kind of thing and also because an employee named Velazquez, who unaccountably told Ancira to drive the truck, was not fired. We agree with the master that Ancira was the victim of a discriminatory discharge, that he should be reinstated with backpay,[1] and that

1. As an alternative to reinstatement with backpay, the master suggested that Alamo might be required to pay Ancira $1,000.

We have elected the traditional remedy— reinstatement with backpay.

Alamo should be held in civil contempt because of Aldrete's conduct. The company argues that his conduct was too isolated to serve as a basis for adjudication in civil contempt, but we are unable to dismiss his actions so lightly. They represent flagrant transgressions of previous Fifth Circuit decrees by a significant company official.

Even though the master recommended adjudication in civil contempt, the Board urges us to override his dismissal of numerous allegations. These allegations concerned the campaign tactics of the terminal managers and antiunion campaign speeches delivered by Alamo's President, Mrs. J. L. Walker, and its Vice Presidents, H. O. Walker and L. W. Stephens. As to some of these charges, the master simply made credibility determinations adverse to the Board's position. In other instances, he found that remarks or speeches by company officials did not go beyond the pale of free speech as protected by section 8 (c) of the Act. No useful purpose would be served by a detailed analysis of each of these charges. Suffice it to say that we do not think the master's fact findings are clearly erroneous and are not persuaded of the necessity to override his dismissal of numerous allegations. The Board and this Court have an adequate remedy in the Order to be entered pursuant to this opinion.

The findings and conclusions of the master are AFFIRMED in all respects. Respondents are adjudged in civil contempt of this Court's previous decrees.

## ORDER

ORDERED, that the Report of the Special Master appointed herein, recommending that the respondents be adjudged in civil contempt, is hereby approved and adopted by this Court.

ORDERED, that respondents, Alamo Express, Inc., and Alamo Cartage Company, are accordingly hereby adjudged in civil contempt of the decrees of this Court entered June 22, 1959 and July 10, 1964.

FURTHER ORDERED, ADJUDGED, AND DECREED, that said respondents Alamo Express, Inc., and Alamo Cartage Company, as said companies, and as acting through their officers, agents, successors, and assigns, shall forthwith purge themselves of such contempt by:

1. Ceasing and desisting from:

(a) offering or promising work or security, a wage increase, or other economic advantage, to employees or prospective employees in return for voting against any labor union or engaging in antiunion activities;

(b) discharging or otherwise discriminating against any employee or employees because of testimony given by said employee or employees under the National Labor Relations Act;

(c) violating in any other manner this Court's decrees of June 22, 1959 and of July 10, 1964.

2. Taking the following affirmative action in purgation:

(a) Offer Santiago Ancira immediate and full reinstatement to his former or substantially equivalent position, without prejudice to his seniority or other rights or privileges, and pay such amount as the Board may determine in a properly constituted backpay proceeding to make him whole for any loss of earnings that said employee may have suffered by reason of his unlawful discharge.

(b) Preserve and make available to the National Labor Relations Board or its agents, upon request, for examination and copying, all records necessary for the determination of the amount of back pay due and respondents' compliance with this order.

(c) Immediately post in conspicuous places, including all places where notices to employees customarily are posted, for a period of sixty (60) consecutive days, copies of an appropriate notice, with this order an-

nexed, prepared by the Board and furnished to respondents, signed by an officer of each company on behalf of each company, which states that each company has been adjudicated in civil contempt of Court for violating and disobeying, and failing and refusing to comply with the Court's said decrees, and that they will undertake forthwith appropriate action in purgation, such notices and copies of this order to be maintained in clearly legible condition throughout such posting period, and insure that they are not altered, defaced or covered by any other material.

(d) Pay to petitioner, as court costs, one-half of the Special Master's compensation and expenses and one-half of the charges for taking and preparing the transcript of testimony herein.

(e) File a sworn statement with the Clerk of this Court, and a copy thereof with the Director of the Board's Twenty-third Region, within ten (10) days after the entry of the order of adjudication and again at the end of the 60-day period provided in paragraph (c) above, showing what steps have been taken by respondents to comply with this order.

FURTHER ORDERED, ADJUDGED, AND DECREED, that upon failure of respondents to purge themselves of civil contempt as above provided, the Court shall issue attachment against respondents. Said attachment may be directed against the officers, representatives, and agents of respondents. Said attachment may also be directed, upon ten (10) days' written notice to him, against Donald Aldrete, Jr., in case of any violations by or through him of the cease and desist provisions of this decree, or of the affirmative provisions for reinstating and compensating Santiago Ancira, or making records available to determine back pay, etc.

On written application of petitioner, the Court may take such further action and grant such other and further relief as may be just, reasonable, and necessary to assure compliance with the Court's decrees and with this Order for purgation of civil contempt.