**W. B. JOHNSTON GRAIN COMPANY and Johnston Seed Company, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 8514.**

United States Court of Appeals Tenth Circuit.

June 16, 1969.

HICKEY, Circuit Judge.

This case came before us on the petition of the National Labor Relations Board. The petition prayed that W. B. Johnston Grain Company and Johnston Seed Company (hereinafter Companies) be adjudged in civil contempt of this court's decree entered September 7, 1966.

The decree provided that the order of the N.L.R.B. be enforced and that the Companies abide by and perform the directions of the Board contained in the order.

The pertinent part of the Board's order directs that the Companies, their officers, agents, successors and assigns shall:

"1.   Cease and desist from:

(a) Refusing to bargain collectively with American Federation of Grain Millers, AFL-CIO, the certified bargaining representative of their employees in an appropriate bargaining

unit, with respect to rates of pay, hours of employment, or other terms and conditions of employment.

(b) In any like or related manner interfering with the efforts of American Federation of Grain Millers, AFL-CIO, to bargain collectively with W. B. Johnston Grain Company and Johnston Seed Company.

"2. Take the following affirmative action which is necessary to effectuate the policies of the Act:

(a) Upon request, bargain collectively with the American Federation of Grain Millers, AFL-CIO, as the exclusive representative of the employees in the appropriate unit, and embody any understanding reached in a signed agreement."

This court stated the facts upon which the Companies were found in violation of § 8(a) (1) and (5) of the National Labor Relations Act.[1]

An agreement had been reached and stipulated regarding the unit of employees involved and an election thereafter held established the union as the authorized representative by certification on September 25, 1963.

The Board charged in the present proceeding that the Companies "disobeyed and failed and refused to comply" with the decree in that it did not bargain "in good faith with a sincere desire to reach an agreement consistent with the rights of the parties and has engaged in sham and sterile bargaining with the intent of causing negotiations to fail and of preventing the consumation [sic] of any agreement; and has further refused to bargain in good faith by failing and refusing to produce relevant wage information requested by the Union."

The Companies, in their response, deny the charge and identify the various bargaining sessions held in an effort to negotiate. They assert, however, that they bargained hard for a "management clause" which the union refused to consider. The question of continued authorization is also presented in a petition for authority to discontinue bargaining and the Companies allege they continued to bargain for a reasonable time and remained willing to continue but the union refused to accept the management clause.

It was evident questions of fact had to be determined, therefore, the Board moved for the appointment of a special master. As authority in support of this motion the Board cited N.L.R.B. v. Lynair, Inc., 380 F.2d 286 (6th Cir. 1967) and Skyline Homes, Inc. v. N.L.R.B., 381 F.2d 706 (5th Cir. 1967).

This procedure is based upon the appellate court's power to compel discovery. The Seventh Circuit has said, "Since the court of appeals possesses the power to compel discovery, it may delegate such power to its agent, the Special Master, for the purpose of fact-finding." [2]

A master was appointed who held hearings and discovered records. The proceedings were transcribed and are a part of the record now before us.

The master recommended the Companies be exonerated of the contempt charged.

The recommendation is based upon the finding that the proposals and counterproposals kept negotiations fluid and that the Companies' steadfast insistence on a strong management clause is not a per se violation of the Act, specifically § 8(a) (1) or (5).[3]

---

1. W. B. Johnston Grain Co. v. N.L.R.B., 365 F.2d 582 (10th Cir. 1966), *rehearing denied,* October 5, 1966.

2. Olson Rug Co. v. N.L.R.B., 291 F.2d 655, 659 (7th Cir. 1961).

3. In N.L.R.B. v. Am. Nat'l Ins. Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027 (1952), the court held that it is not *per se* an unfair labor practice under § 8(a) (1) or (5) of the Act for an employer to bargain for an inclusion in a collective bargaining agreement of a management clause.

The enforcement decree which the court entered September 7, 1966 does not conform with the opinion reported in W. B. Johnston Grain Co. v. N.L.R.B., 365 F.2d 582, in that it omits any reference to the court's caveat that the Board determine what would constitute a reasonable time for the Companies to continue to bargain with the union. The Companies attempted to comply with the caveat, but the Board, relying on the decree which it had a right to do, refused to consider the monition in the opinion.

In its contempt petition the Board also charged that "On December 27, 1966, at the first meeting following the entry of the [enforcement] decree, the Union requested the dates and amounts of two general wage increases which the Company had granted to employees since the cessation of pre-decree negotiations during the pendency of the litigation herein; and the Company at all times thereafter failed and refused to produce the requested information."

The master found, on conflicting testimony, however, that the union representative did not ask for the record of wage increases after the meeting of December 27, 1966. During the meeting on that date the representative stated he did not want to pursue the matter in an effort to agree upon other issues.

"Before the master, the Board was required to establish civil contempt by clear and convincing evidence. N.L.R.B. v. Standard Trouser Co., 4th Cir. 1947, 162 F.2d 1012. The master's findings of fact are binding on [the] Court unless clearly erroneous. Fed.R.Civ.P., Rule 53 (e) (2)." [4]

We have examined the transcript of the evidence produced before the master as well as his findings and conclusions and they are not clearly erroneous.

The findings and conclusions of the master are affirmed in all respects.

It is ordered that the report of the special master recommending the Companies be exonerated on the contempt charged against them by the Board, is hereby approved and adopted by this court.

The petition of the Board for adjudication of the Companies in civil contempt is denied. Pursuant to paragraph (e) of the April 8, 1968 order of reference, it is ordered that all costs, fees and expenses of the reference, including fees and expenses of the master and the reporter, shall be paid by the Board. The Companies shall have judgment against the Board for their costs in these contempt proceedings except for the fees and expenses of attorneys.[5]

---

4. N.L.R.B. v. Alamo Express Inc., 395 F. 2d 481, 482 (5th Cir. 1968); *Accord,* Olson Rug Co. v. N.L.R.B., 304 F.2d 710, 712 (7th Cir. 1962).

5. See 28 U.S.C. § 2412 and Serv-Air, Inc. v. National Labor Relations Board, 395 F.2d 557, 565–566 (10th Cir. 1968).