**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SOUTHWESTERN COLORADO CONTRACTORS ASSOCIATION and its Members et al., Respondents.**

**No. 8810.**

United States Court of Appeals, Tenth Circuit.

Sept. 2, 1971.

Peter Ames Eveleth, Atty. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkind and Lynn D. Poole, Attys., on the brief), for petitioner.

Harold B. Wagner, Denver, Colo. (Dean B. Venatta, Denver, Colo., and Robert Parga, Cortez, Colo., on the brief), for respondents.

Before LEWIS, Chief Judge, and ALDISERT * and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

By petition filed in this court the National Labor Relations Board sought an appropriate order of the court adjudicating respondents to be in civil contempt for failing and refusing to comply with an order of enforcement entered by the court following its decision in NLRB v. Southwestern Colorado Contractors, et al., 10 Cir., 379 F.2d 360. The allegations of the Board's petition were denied by respondents and the issues thus joined were referred by order dated January 8, 1969 to the Honorable Albert T. Frantz, former Chief Justice of the Colorado Supreme Court, to address himself to such issues as Special Master and report to this court and recommend appropriate findings and conclusions. On

* Of the Third Circuit sitting by designation.

July 14, 1970 after conducting extensive evidentiary hearings, the Special Master filed his report and recommendations with the ultimate recommendation that each of the five now remaining respondents be absolved from the charges of contempt. The matter is now before us upon exceptions taken by the Board to the report and recommendations of the Special Master.

In our earlier decision, 379 F.2d 360, we held that the Southwestern Colorado Contractors Association and its individual members had violated section 8(a) (5) and (1) of the National Labor Relations Act by refusing to bargain with a designated union. The basis of the violation was the untimely dissolution of the Association as a multiemployer bargaining unit. The Board, however, did not seek re-activation of the Association as such and consequently our order of enforcement required the individual respondents to:

> Recognize and, upon request bargain collectively and jointly with Colorado State Council of Carpenters and Carpenters District Council of southern Colorado, AFL–CIO, with respect to rates of pay, wages, hours of employment, and other conditions of employment, and if an understanding is reached, embody such understanding in a signed collective bargaining agreement.

The premises of the Special Master in recommending that present respondents be absolved from contempt charges are two: First, that the original multiemployer bargaining entity, consisting of fifteen employers, became so fragmented during negotiations undertaken after the entry of our enforcement order, that the bargaining unit dissipated; and second, that of the now remaining five respondents "only three (possibly four)" are properly named as present respondents and these employers did bargain in good faith in view of the total circumstances.

After review of this very voluminous record we conclude that the recommendation of the Special Master is a proper one. It is undisputed or the evidence shows to our satisfaction,[1] that of the original fifteen employers six were excused after negotiations began because such employers did not employ carpenters, never had employed carpenters, and did not contemplate so doing.

The elimination of these six from the unit was consensual. One other employer, primarily an excavator not employing carpenters, did not participate in the negotiations and his absence was neither objected to by any party nor specifically agreed to but would seem to have been tacitly accepted by all concerned. Thus, of the original fifteen Association members seven were immediately eliminated from negotiating. Although such fragmentation does not, as the Board properly contends, destroy the bargaining unit as a matter of law when done by consent, still the occurrence is a proper circumstance to consider in determining the continuing vitality of the multiemployer unit as a matter of fact. The reduction by nearly fifty percent of a small multiemployer bargaining unit certainly acknowledges to a considerable degree the practical frustration of the original unit as a bargaining entity.

Of the remaining eight employers one went out of business prior to the commencement of negotiations and still another is not made a present party because it, too, has convinced the Board that it employs no carpenters. The Union entered into separate agreements with two of the employers and took limited unilateral action against one by participating in handbilling. Against this background of deterioration the Special Master concluded that "the remaining members constitute a mere semblance of the employer bargaining unit" and reached the "ultimate conclusion that the employer bargaining unit which had been directed by Board and Court, suc-

---

1. The order of reference reserved to this court the extent to which the Special Master's findings and conclusions would be considered binding upon us.

**970**

cessively, to bargain jointly has been fragmented, in part, as the result of agreement, in part, as the result of conduct in which the parties dealt with each other as if separate and individual contracts were to be made, and in part, by the unilateral action of the Union." We conclude that the record as a whole supports the Special Master's conclusion that fragmentation of the bargaining unit did occur without fault upon the part of the present respondents, that negotiations became futile and unrequired under our order. We therefore adopt the determination and supporting findings of the Special Master in this regard, and in accord with his recommendation, absolve respondents from contempt. In so doing we reject respondents' contention that the Special Master and this court lack jurisdiction to entertain these proceedings. It is fundamental that proceedings of this nature are ancillary in nature to the original action and that original jurisdiction, once attached, extends to contempt proceedings. United States v. Acord, 10 Cir., 209 F.2d 709, 712; W. B. Johnston Grain Co. v. NLRB, 10 Cir., 411 F.2d 1215.

The petition is dismissed.